J-S42028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :           PENNSYLVANIA
                           :

           v.                    :
                           :
                           :

MICHAEL HALEY                  :
                           :
           Appellant        :     No. 653 EDA 2023

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Lehigh County
Criminal Division at Nos: CP-39-CR-0002297-2004,
CP-39-CR-0002527-2004

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :           PENNSYLVANIA
                           :

           v.                    :
                           :
                           :

MICHAEL HALEY                  :
                           :
           Appellant        :     No. 515 EDA 2023

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Lehigh County
Criminal Division at Nos: CP-39-CR-0002297-2004,
CP-39-CR-0002527-2004

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:           **FILED FEBRUARY 29, 2024**

Appellant, Michael Haley, appeals *pro se* from the February 17, 2023 order of the Court of Common Pleas of Lehigh County, which dismissed his fourth petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, as untimely. Upon review, we affirm.

In 2004, Appellant was charged with various offenses at two docket numbers: Nos. 2297-2004 and 2527-2004. These cases were consolidated for trial, and a jury found Appellant guilty of two counts of attempted criminal homicide, aggravated assault, recklessly endangering another person, terroristic threats, theft by unlawful taking and unauthorized use of a motor vehicle.

At sentencing on April 8, 2005, the Commonwealth established that Appellant was a third-strike offender under 42 Pa.C.S.A. § 9714 based on prior robbery convictions in 1985[1] and 1988. N.T. Sentencing Hearing, 4/8/05, at 7-13. Accordingly, at No. 2297-2004, the court sentenced Appellant to the mandatory minimum of twenty-five to fifty years' imprisonment.[2] On direct appeal, we affirmed the judgment of sentence. *See Commonwealth v. Haley*, No. 2611 EDA 2005 (Pa. Super., filed Sept. 15, 2006).

Appellant filed his first PCRA petition at both docket numbers on May 22, 2007. Counsel was appointed, and an amended PCRA petition was filed on November 12, 2008. One of the issues raised was whether imposition of the three strikes sentence was appropriate and whether trial counsel was

---

[1] This conviction was identified as a 1995 conviction. N.T., 4/8/06, at 8. Our review of the docket at CP-51-CR-0223701-1985 demonstrates that this conviction was in 1985. We take judicial notice of this docket under the precept that a court may take judicial notice of other proceedings involving the same parties. *Hvizdak v. Linn*, 190 A.3d 1213, 1218 n.1 (Pa. Super. 2018).

[2] At No. 2527-2004, Appellant was sentenced to an aggregate prison term of two to four years' imprisonment, concurrent with his sentence at No. 2297-2004.

ineffective for failing to object to its imposition. Following an evidentiary hearing, the PCRA court issued a thorough, well-reasoned opinion addressing each issue raised by Appellant, and dismissed his PCRA petition on June 26, 2009.[3] Appellant filed an appeal, and we affirmed the dismissal, adopting the PCRA court's rationale. *See Commonwealth v. Haley*, No. 2154 EDA 2009 (Pa. Super., filed March 19, 2010).

On August 18, 2014, Appellant filed a Petition for Writ of Habeas Corpus at both docket number, which was properly treated as a second PCRA petition. Among other claims, Appellant raised the issue of whether the sentencing court lacked authority and/or erred as a matter of law in imposing the three strikes sentence. On October 20, 2014, the PCRA court dismissed the petition as untimely. Appellant filed an appeal, and we affirmed the dismissal. *See Commonwealth v. Haley*, No. 3522 EDA 2014 (Pa. Super., filed July 21, 2015). Our Supreme Court denied allowance of appeal on June 15, 2016. *See Commonwealth v. Haley*, No. 122 MAL 2016.

Appellant filed his third PCRA petition at both docket numbers on October 21, 2019, again contesting his three strikes sentence. He argued that the Commonwealth used "false, fraudulent and misleading" testimony to establish that his underlying convictions constituted crimes of violence. He

---

[3] Relative to this appeal, the PCRA court specifically addressed the following issues: (1) that the Commonwealth failed to provide Appellant notice of its intent to pursue a three strikes sentence, and (2) the sufficiency of the evidence to prove his prior robbery convictions met the statutory definition of "crimes of violence." (Trial Court Opinion, 6/26/09, at 19-24).

further asserted that the issue satisfied the newly discovered fact exception to the PCRA's jurisdictional time-bar, because he only learned about this testimony during mid-2019 through correspondence with the attorney who represented him during his 1985 robber case. On January 22, 2020, the PCRA court dismissed the petition as untimely. Appellant filed an appeal, and we affirmed the dismissal. *See Commonwealth v. Haley*, 1003 EDA 2020 (Pa. Super., filed February 17, 2021).

On January 4, 2023, Appellant filed his fourth PCRA petition, the subject of this appeal. He raises the same underlying issue that he did in his third PCRA petition: that the Commonwealth used "false, fraudulent and misleading" testimony to establish that his underlying convictions constituted crimes of violence. However, he now asserts that a different "fact" proves the newly discovered fact exception to the PCRA's timeliness requirement. The "fact" consisted of statements by a prosecutor during a *Grazier*[4] hearing on February 8, 2022. The prosecutor initially stated that Appellant's 1985 robbery involved a firearm. The prosecutor later withdrew that statement because the record was not clear what type of weapon was used. According to Appellant, this "fact" shows that his 1985 robbery was not a "crime of violence," thus invalidating his tree strikes sentence. On February 17, 2023, the PCRA court dismissed Appellant's PCRA petition as untimely. These consolidated appeals followed.

---

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant raises four issues for our review:

1. The PCRA Court [erred] in not holding a[n] evidentiary hearing on the truth of the matter before the Court on fraud upon the Court.

2. Did PCRA Court [err] by stating Appellant did not present a prima facie showing of a miscarriage of justice which violates the U.S. Const. and the Commonwealth's Const. of due process right under 14th amendment and section Art. 1. § 9 of the Commonwealth's Const.

3. Did the PCRA Court [commit an] error of law in stating A.D.A. Duffy's statement was not a newly discovered fact and did not meet the exception found at 42 Pa.C.S. § 9545(b)(1)(ii) is on newly discovered facts, that would prove fraud upon the Court.

4. Did the PCRA Court [commit an] error of law in not calling Mark Galliard Appellant witness who would have testify that his testimony was false.

Appellant's Brief at 7. As these issues are interrelated, we will address them collectively.

Preliminarily, we note that Appellant filed his fourth PCRA petition at only docket number: No. 2527-2004. For reasons unknown to this Court, the PCRA court included both 2527-2004 and 2297-2004 on its notice of intent to dismiss Appellant's PCRA petition as untimely.[5] Upon review of the record, Appellant received a two to four year sentence on 2527-2004, which has since been completed. Therefore, he is not entitled to PCRA relief on 2527-2004. 42 Pa.C.S.A. § 9543(a)(1)(i); **See Commonwealth v. Ahlborn**, 699 A.2d

_____

[5] All pleadings thereafter were filed on both dockets.

718, 720 (Pa. 1997) ("the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute"). However, as the trial court added docket number 2297-2004 to its final order, and notices of appeals were properly filed on both docket numbers,[6] we will continue our analysis.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See Commonwealth v. Albrecht*, 994 A.2d 1091 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Further, there is no right to an evidentiary hearing. *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa. Super. 2007). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Id.*; Pa.R.Crim.P. 907(1).

Here, the PCRA court found that the petition was untimely because Appellant failed to prove the newly discovered fact exception to the PCRA's timeliness requirement. All PCRA petitions, "including a second or subsequent

---

[6] Since Appellant appealed from two docket numbers and filed two *pro se* notices of appeal, we decline to quash his appeals because Appellant filed the appropriate number of appeals. *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2018).

petition, shall be filed within one year of the date the judgment becomes final," unless an exception applies. 42 Pa.C.S.A. § 9545(b)(1).[7] A judgment becomes final at the end of direct review or the expiration of time seeking direct review. 42 Pa.C.S.A. § 9545(b)(3).

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claim." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether Appellant's petition was timely before we are permitted to address the substantive claims. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed that the instant petition is untimely on its face. We affirmed Appellant's judgment of sentence on September 15, 2006. Appellant did not seek further review. As a result, the judgment of sentence became final on October 16, 2006, upon expiration of the thirty-day period to seek review with our Supreme Court. Therefore, Appellant had one year – until

---

[7] For an exception to apply, a petitioner must (1) plead and prove one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising the exception within one year from the date on which the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

October 16, 2007 – to file a timely PCRA petition. The instant petition was filed on January 4, 2023, approximately sixteen years after the judgment of sentence became final.

Appellant asserts that his petition is timely under the newly discovered fact exception. To satisfy this exception, Appellant must plead and prove: (1) that the facts upon which the claim are predicated were unknown; and (2) that those facts could not have been ascertained by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii); *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). As stated above, the "fact" Appellant relies on is the prosecutor's statement during a *Grazier* hearing on February 8, 2022 that the record was unclear as to what type of weapon Appellant used during his 1985 robbery. According to Appellant, this statement shows that he did not use a firearm during the robbery, thus demonstrating that he did not commit a crime of violence and that his three strikes sentence is illegal.

The PCRA court aptly summarized this issue as follows:

On February 8, 2022, a ***Grazier*** hearing was held in Philadelphia County, and an on-the-record discussion ensued regarding various issues raised by the appellant, and what, if anything, the Philadelphia PCRA Court could do about a conviction and sentence that were completed over thirty (30) years earlier. Of significance to the appellant, A.D.A. Duffy stated during the hearing, in reference to the 1985 robbery, "I said it was a firearm. I cannot get that from the record. So, I would withdraw that statement. I do not know the weapon." At the conclusion of the hearing, satisfied that he could not obtain relief in Philadelphia County, the appellant withdrew his PCRA petition. However, armed with A.D.A. Duffy's comment, the appellant filed the current PCRA

- 8 -

> petition, arguing that it is new evidence that the 1985 robbery was ineligible to count as a first strike.

Trial Court Opinion, 4/9/23, at 6 (footnote omitted). The PCRA court found that the prosecutor's statement was not a fact, but merely his interpretation of Appellant's record. *Id.* at 7. Even if the statement was a fact, the court continued, Appellant failed to prove that the fact was previously unknown to him and could not have been discovered through the exercise of due diligence. *Id.* at 7-9. Alternatively, it found that the legality of the three strikes sentence has been previously litigated, and therefore, is waived. *Id.* at 10-11.

For several reasons, we agree with the PCRA court's order to dismiss Appellant's petition. First, the focus of the newly discovered fact exception is on "newly discovered fact, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Myers***, 303 A.3d 118, 121 (Pa. Super. 2023). Here, the "fact" relied upon by Appellant is the prosecutor's interpretation of the record. This is not a fact; it is merely the prosecutor's opinion about what the record says.

Even assuming this is a fact, Appellant fails to demonstrate that he could not have ascertained it earlier through the exercise of due diligence. Due diligence demands that a petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015), *affirmed*, 158 A.3d 618 (Pa. 2017) ("[D]ue diligence requires neither perfect vigilance nor punctillous care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that

may support a claim for collateral relief"). The failure to question or investigate an obvious, available source of information precludes a subsequent claim that it constitutes newly discovered facts or evidence. *Commonwealth v. Chambers*, 599 A.2d 630, 642 (Pa. 1991).

Finally, although courts should generally avoid analyzing the merits of the underlying claim when determining whether a claim satisfies the newly discovered fact exception, we are not "altogether preclude[d]" from "considering whether [the fact raised by the petitioner] could possibly matter." *Myers*, 303 A.3d at 122-23. The "fact" raised by Appellant—his claim that he did not use a firearm in the 1985 robbery—could not possibly matter. It is not necessary for a defendant to use a firearm to be guilty of robbery under 18 Pa.C.S.A. § 3701(a)(i), (ii), or (iii), the subsections of the robbery statute that constitute crimes of violence under 42 Pa.C.S.A. § 9714(a)(2) and (g).

Accordingly, we find no error in the PCRA court's holding that Appellant's PCRA petition is untimely due to his failure to satisfy the newly discovered fact exception. Accordingly, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/29/2024